565 A.2d 477

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Brian RUTTLE.**

Superior Court of Pennsylvania.

Argued May 25, 1989.

Filed Oct. 27, 1989.

Gerard T. Rosso, Asst. Dist. Atty., Norristown, for Com., appellant.

John P. Gregg, Norristown, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

The Commonwealth appeals from a suppression court order ruling that evidence of Brian Ruttle's refusal to submit to a chemical test be excluded from his criminal trial for Driving Under the Influence of Alcohol or Controlled Substance. Finding that evidence of the defendant's refusal to submit to chemical testing is admissible in a criminal proceeding even though the defendant was not properly advised that his license would be suspended or revoked if he failed to consent to the test, we reverse the suppression order and remand.

From the evidence produced at the suppression hearing, the trial court determined that on March 20, 1988, Ruttle was found by the police at the site of a car accident. He was standing near his car and had a large head wound, slurred speech, a staggered walk and the odor of alcohol on his breath. The police took Ruttle to a hospital where his wound was treated and he was asked to submit to a blood test. Ruttle was told by the police that if he did not submit to the test there was a "possibility" that he could lose his license or that his license would be suspended for a year. Ruttle refused the test.

Ruttle .was arrested and charged with violation of the following offenses: 1) Driving Under Influence of Alcohol or Controlled Substance; 2) Driving While Operating Privilege is Suspended or Revoked; 3) Reckless Driving; 4) Driving Vehicle at Safe Speed; 5) Violation Concerning Licenses; and 6) Chemical Testing to Determine Blood Alcohol Content. After a preliminary hearing, only the charges of Driving Under the Influence of Alcohol or Controlled Substance, and Driving While Operating Privilege is Suspended or Revoked were bound over for trial. Ruttle filed a pretrial omnibus motion for the suppression of evidence of his refusal to take a chemical test. After a hearing on November 17, 1988, the suppression court granted Ruttle's motion on the ground that he was not sufficiently warned that his refusal would result in the suspension of his license.

The Commonwealth appeals the order of the suppression court, contending that evidence that the defendant refused to submit to a chemical test is properly admissible in a criminal proceeding pursuant to 75 Pa.C.S. § 1547(e). The Commonwealth argues that 75 Pa.C.S. § 1547(e), does not condition such admissibility upon the defendant's being advised that his refusal will result in suspension of his license. Conversely, Ruttle reasons, as did the suppression court, that *Commonwealth v. Hunsinger*, 379 Pa.Super. 196, 549 A.2d 973 (1988) controls the outcome of this case because it is authority for the proposition that a refusal

may not be defined differently under 75 Pa.C.S. § 1547(b) than it is defined under 75 Pa.C.S. § 1547(e). He argues that because 75 Pa.C.S. § 1547(b) requires that a defendant be warned that his license will be suspended prior to his refusal, and because case law establishes that the absence of a proper warning will invalidate any subsequent refusal for the purposes of *civil* license suspension proceedings, then pursuant to *Commonwealth v. Hunsinger*, the refusal must also be invalid for the purpose of introducing evidence thereof into a *criminal* proceeding pursuant to 75 Pa.C.S. § 1547(e). The relevant statute, 75 Pa.C.S. § 1547, provides in pertinent part:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing. (3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

. . . .

(e) refusal admissible in evidence.—in any summary proceeding or *criminal proceeding* in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547. [Emphasis added].

We have reviewed the statutory language and the relevant case law and find that Ruttle's reliance upon *Commonwealth v. Hunsinger, supra* is misplaced. In *Hunsinger*, the defendant was suspected of driving while under the influence of alcohol and was asked to take a breathalyzer test. The defendant refused the test several times but finally assented. At his trial on a charge for driving under the influence of alcohol under 75 Pa.C.S. § 3731(a)(1), evidence of the defendant's initial refusal to take a chemical test was admitted into evidence. On appeal, this court addressed the defendant's contention that the term "refusal" should be defined differently for criminal proceedings than for civil proceedings. If defined differently, the defendant's behavior would not have constituted a "refusal." After reviewing the policy reasons behind 75 Pa.C.S. § 1547, we disagreed with the defendant and determined that the term "refusal," which is defined in civil summary license suspension cases as anything other than unequivocal

consent, should be *defined* in the same manner for the purpose of introducing evidence of a refusal into a criminal proceeding pursuant to subsection 1547(e). Therefore, defendant was deemed to have refused to submit to chemical testing even though he later permitted the tests to be conducted. On this basis, we found evidence of the defendant's refusal admissible. In *Hunsinger*, the defendant did not argue that he was not sufficiently warned of the consequences of failing to submit to a chemical test.

In the case before us, however, the issue is not whether Ruttle's behavior rises to the level of a refusal, as defined in *Hunsinger*. Rather, Ruttle argues that he was not sufficiently warned that his license would be suspended if he refused to be tested. Thus, the issue here is whether, in the absence of a sufficient license suspension warning for the purposes of subsection 1547(b), a defendant's refusal (a response something less than unequivocal consent) is given knowingly for the purpose of introducing evidence of that refusal in a criminal proceeding pursuant to subsection 1547(e). This is an entirely different question and one of first impression in this Commonwealth.

By adopting an identical definition for the term "refusal," the superior court did not thereby intend to incorporate all of the statutory requirements of civil license suspension cases into criminal proceedings for Driving Under the Influence of Alcohol or a Controlled Substance. License suspension cases are civil in nature and distinct from any criminal proceedings. *Sheakley v. Commonwealth,* 99 Pa.Commw. 328, 332–333, 513 A.2d 551, 553 (1986). We observe that a refusal preceded by a proper warning automatically triggers suspension of one's license in a civil summary proceeding while the same refusal when used in a criminal proceeding simply constitutes one piece of evidence. Further, the use of refusal evidence in a criminal proceeding does not affect the disposition of any related civil charges. *Id.; Commonwealth v. Shinn,* 368 Pa.Super. 436, 440, 534 A.2d 515, 517 (1987). While we agree with the *Hunsinger* court that the term "refusal" is logically *defined* to mean any-

thing other than unequivocal consent in both subsections 1547(b) and (e), the base of information necessary to make a "refusal" knowing under each subsection differs. A knowing refusal is one made with an awareness of the consequences. Here, subsections 1547(b) and (e) set forth separate consequences. Thus, the information necessary to an awareness of these independent consequences would reasonably be different for each.

By promulgating subsection 1547(b), it was the legislature's intent that motorists be forewarned of one consequence of refusing to submit to chemical testing, license suspension. *Peppelman v. Commonwealth*, 44 Pa. Commw. 262, 265, 403 A.2d 1041, 1043 (1979). Our courts have held that an individual has not been forewarned of this consequence unless an officer informs the motorist that his license *will* be suspended if he refuses a chemical test, *Commonwealth v. McCafferty*, 120 Pa.Commw. 153, 547 A.2d 1303 (1988) citing *Commonwealth v. Sinwell*, 68 Pa. Commw. 605, 450 A.2d 235 (1982), and in the event that the motorist informs the officer that he wishes to consult with counsel, an officer then advises the motorist that he has no right to counsel before submitting to the test. *Commonwealth v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989); *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989). The motorist's refusal will not support license suspension unless it was preceded by a sufficient warning. *Peppelman v. Commonwealth, supra.* Thus, subsection 1547(b) protects the motorist by reminding him of the immediate and largely irreversible consequence of refusing to submit to a chemical test.

Noticeably, the requirement that a motorist be advised that his license will be suspended or revoked if he refuses to submit to a chemical test appears only in subsection 1547(b)(2), the provision discussing the civil consequences of not submitting to a chemical test. There is no compatible provision under subsection 1547(e). Nor does subsection 1547(b)(2) warn of the possibility that the motorist's refusal

will be admitted in a criminal proceeding, the relevant information under subsection 1547(e).

The language of the statute itself further indicates that the legislature did not intend the introduction of evidence of a refusal to be conditioned upon whether police gave a sufficient warning. Subsection 1547(e) provides for the introduction of "other testimony concerning the circumstances of the refusal" when evidence of a refusal is admitted in a criminal proceeding. Accordingly, a defendant may testify to any excuse for his failure to submit to chemical testing, including the absence of a sufficient warning. No presumptions arise from the introduction of this evidence, and testimony concerning the circumstances surrounding the refusal could sufficiently diminish any arguably prejudicial impact of such evidence. Thus, the legislature has built into subsection 1547(e) a protective mechanism suitable to this subsection's own particular objective of permitting probative evidence to be introduced into a criminal proceeding. The trier of fact, having been provided with all the circumstances, will determine what weight should be given to the mere fact of refusal. See *Commonwealth v. Hunsinger*, 379 Pa.Super. at 202, 549 A.2d at 976. Unlike the markedly different summary civil proceeding, it is not until a jury or judge returns a verdict of guilt that it could be alleged that the introduction of evidence of the refusal had any impact.

We reject Ruttle's contention that the probative value of his refusal is outweighed by the prejudice to him. The failure of a defendant to take a chemical test *may* indicate an effort on his part to conceal evidence of his intoxication, and it may not. The factual circumstances of a particular case may present reasons for a defendant's refusal that may well militate in his favor. Notably, the statute does not prevent the defendant himself from introducing refusal evidence along with other testimony concerning the circumstances of refusal. Thus, it is inappropriate to conclude that evidence of a refusal in the absence of a proper warning *per se*, no matter what other surrounding circum-

stances may exist, would unduly prejudice the defendant. This is a determination properly left for the judge at trial. Accordingly, we find that 75 Pa.C.S. § 1547 does not condition the admissibility of refusal evidence upon the defendant being properly warned that his license will be suspended if he fails to submit to a chemical test.

For the foregoing reasons, the order of the suppression court is reversed and this matter is remanded.

Order reversed and remanded. Jurisdiction relinquished.

HOFFMAN, J., files a dissenting statement.

HOFFMAN, Judge, dissenting:

I respectfully dissent. Because appellant was not properly warned of the consequences of failing to submit to chemical testing, his refusal clearly would have been insufficient to allow for the suspension of his license pursuant to 75 Pa.C.S.A. § 1547(b). The majority, nonetheless holds that the refusal is admissible as evidence of his intoxication in a criminal proceeding. In so holding, the majority draws a distinction between refusals that are sufficient for civil license suspension proceedings and refusals that are sufficient for criminal proceedings. In *Commonwealth v. Hunsinger*, 379 Pa.Super. 196, 549 A.2d 973 (1988), we refused to draw a distinction between refusals in civil license suspension proceedings, *see* 75 Pa.C.S.A. § 1547(b), and refusals in criminal proceedings, *see id.* § 1547(e).

In *Hunsinger*, appellant argued that there should be a different standard for determining what actions or words constitute a refusal depending on whether the refusal was to be used in a civil proceeding (for license suspensions) or in a criminal trial. This Court disagreed and held that there was no reason to define refusal differently in a criminal proceeding. In this case, the suppression court, relying on *Hunsinger*, suppressed any reference to appellant's alleged refusal to submit to chemical testing due to the improper warning. I agree with the suppression court's analysis. Moreover, although I recognize that there is some support

in the statute for the majority's analysis, I have serious reservations about the workability of a rule premised on such a fine and tortured reading. It seems to me that the uniform rule suggested by *Hunsinger*, and followed by the suppression court, is a much more practical and fair reading of the statute, as it would be easier for police to follow, and would be more likely to ensure that refusals are knowing and intelligent. Because I agree with the suppression court, that there is no reason to treat the refusals differently depending on the type of proceeding, I would affirm the order below on the basis of the court's opinion.