COMMONWEALTH of Pennsylvania,
Appellant,

v.

Helen Yvonne HOMER, Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

Christopher Egelsky, Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

John Roy Barlow, Jr., Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

Joseph Carl Bonaquist, Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

John Joseph Tominey, Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

Randy Ray Law, Appellee,

Commonwealth of Pennsylvania,
Appellant,

v.

Jeffery Ray Pumphrey, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 20, 2007.

Filed July 11, 2007.

Cynthia A. Opren, Asst. Dist. Atty., Mercer, for Com., appellant.

Daniel P. Wallace, Mercer, for Homer and Barlow, appellees.

Randall T. Hetrick, Mercer, for Egelsky, appellee.

Charles F. Gilchrest, Mercer, for Bonaquist, appellee.

James M. Goodwin, Asst. Public Defender, Mercer, for Tominey and Law, appellees.

Ted Isoldi, Mercer, for Pumphrey, appellee.

BEFORE: STEVENS, ORIE MELVIN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the orders entered on April 4, 2006, at 1376 Criminal 2005, 1227 Criminal 2005, and 660 Criminal 2005, April 12, 2006, at 1135 Criminal 2005, June 21, 2006, at 876 Criminal 2005, June 28, 2006, at 1597 Criminal 2005, and July 18, 2006, at 534 Criminal 2006, in the Court of Common Pleas Mercer County, granting Appellees' omnibus pre-trial motions to suppress. Upon review, we reverse the orders and remand for proceedings consistent with this Opinion.

¶ 2 In this consolidated appeal, Appellees Helen Yvonne Homer, Christopher Egelsky, John Roy Barlow Jr., Joseph Carl Bonaquist, John Joseph Tominey, Randy Ray Law, and Jeffrey Ray Pumphrey were arrested under the provisions of the new Pennsylvania Driving Under the Influence of Alcohol or Controlled Substance (DUI) law[1] and refused to submit to chemical testing. The Commonwealth provided notice that each individual would be subject to the enhanced penalties enumerated in 75 Pa.C.S.A. § 3804(c) because they refused chemical testing following their arrest. Appellees challenged the constitutionality of section 3804(c) in sepa-

---

1. 75 Pa.C.S.A. § 3801 *et seq.*

rate omnibus pre-trial motions for relief. In lieu of hearings, Appellees agreed to stipulations of fact. The suppression court issued opinions on April 4, 2006, April 12, 2006, June 21, 2006, June 28, 2006, and July 18, 2006, granting in part Appellees' omnibus pre-trial motions to the extent that they sought to exclude the introduction at trial of the evidence of Appellees' refusals to consent to a chemical test. The remaining issues in the omnibus pre-trial motions were denied. The Commonwealth filed timely notices of appeal from the orders granting suppression. The suppression court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement for each of the appeals; it complied. In response, the suppression court authored several Pa.R.A.P. 1925(a) opinions. Additionally, the suppression court incorporated its Pa.R.A.P. 1925(a) opinion, written in response to a previously consolidated case challenging the same issues, into each separate 1925(a) opinion. *See* Suppression court opinion, 1/26/05.[2] These appeals were consolidated *sua sponte* by this Court on May 31, 2006.

¶ 3 The Commonwealth presents three issues for our review:

I. Whether [Appellees] were denied due process either because they were not afforded the right to counsel when the police requested them to submit to blood-alcohol testing or the implied consent warnings that preceded the request were inaccurate[?]

II. Whether the implied consent warnings the police read to [Ap-

pellees] comply with the Implied Consent Statute[?]

III. Whether suppression of refusal evidence at trial is an appropriate remedy in the event that either the constitutional or statutory violation the trial court identified is sustained[?]

Brief of the Commonwealth, at 6.

¶ 4 Our standard of review in a grant of a suppression motion is well-established:

As an appellate court reviewing the ruling of a suppression court, we consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. We must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. The suppression court's factual findings are binding on us and we may reverse only if the legal conclusions drawn there from are erroneous.

*Commonwealth v. Hayes*, 898 A.2d 1089, 1091–92 (Pa.Super.2006) (citations omitted).

¶ 5 The Commonwealth's first argument is that not affording a defendant the right to counsel when a police officer requests submission to chemical testing is not a denial of due process. We agree.

¶ 6 Section 1547 of the Vehicle Code, 75 Pa.C.S., known as the Implied Consent

---

**2.** The suppression court incorporated its Rule 1925(a) opinion issued in *Commonwealth v. Jaggers*, 227 WDA 2005, into the present cases. On appeal to this Court, we affirmed in part, reversed in part, and remanded to the trial court. *See Commonwealth v. Jaggers*, 903 A.2d 33 (Pa.Super.2006). Recently, our

Supreme Court granted petition for allowance of appeal, vacated the orders, and remanded for proceedings consistent with its decision in *DOT, Bureau of Driver Licensing v. Weaver*, 590 Pa. 188, 195–98, 912 A.2d 259, 264–65 (2006). *See Commonwealth v. Jaggers*, 591 Pa. 338, 917 A.2d 310 (2007).

Law, is stated, in pertinent part, as follows:

§ 1547. **Chemical testing to determine amount of alcohol or controlled substance**

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:

(1) in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock); or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) SUSPENSION FOR REFUSAL.—

* * *

(2) It shall be the duty of the police officer to inform the person that:

(i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and

(ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

* * *

(e) REFUSAL ADMISSIBLE IN EVIDENCE.—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547.

¶ 7 Recently, this Court in *Commonwealth v. Beshore*, 916 A.2d 1128, 1140–41 (Pa.Super.2007), denied an appellant's claim that 75 Pa.C.S. § 1547 violates his Sixth Amendment right to counsel by stating the following:

It has been a staple of caselaw dealing with the sixth amendment right to counsel that a criminal defendant has a constitutionally guaranteed right to counsel at all "critical stages" of a criminal proceeding.

Undoubtedly, the decision whether to submit to chemical testing can be an important tactical decision. If one refuses a BAC test, he may deprive the Commonwealth of valuable evidence and force the Commonwealth to proceed under section 3802(a)(1), incapable of safely driving. Depending upon the evidence available to the Commonwealth to prove the driver lacked the capacity to drive safely, the absence of a BAC test

may hinder the Commonwealth's case and even lead to an acquittal even though the possibility existed that the driver was over the proscribed BAC limit. Conversely, refusing to submit to a BAC test comes with consequences, including, if convicted, punishment as if the defendant had operated a motor vehicle at the highest rate of alcohol. Thus, it cannot be doubted that the decision to consent to a BAC test has strategic implications and, in this respect, might be deemed "critical" to the defendant.

However, it does not appear that such strategic tactical decisions have been recognized as critical stages of the proceedings so as to invoke the right to counsel. A request to submit to a BAC test represents the government's efforts to gather evidence already in existence, albeit in a transitory or unstable state which makes time of the essence. As the quote above indicates, encounters involving the gathering of evidence are not considered "critical proceedings" for purposes of the right to counsel. That is, such preliminary encounters do not affect the inherent "fairness" of the trial vis-a-vis the ability to crossexamine witnesses or have effective assistance of counsel at the trial itself. As such, the provision of counsel at this stage is not constitutionally mandated and the denial of the right to confer with counsel prior to deciding whether to submit to chemical testing does not render Appellant's refusal inadmissible.

*Id.*, 916 A.2d at 1140–41 (citing *Commonwealth v. Ciccola*, 894 A.2d 744, 748–50 (Pa.Super.2006)). We adhere to this reasoning and, accordingly, concur that a right to counsel at this stage is not constitutionally mandated.

■ ¶ 8 The Commonwealth's second contention is that the suppression court erred in its determination that a due process violation exists because the criminal ramifications outlined by the police officer for refusal are inaccurate in that they do not describe all of the criminal ramifications but only those available to a first-time offender. We agree.

¶ 9 In *DOT, Bureau of Driver Licensing v. Weaver*, 590 Pa. 188, 195–98, 912 A.2d 259, 264–65 (2006), our Supreme Court determined that Form DL–26[3] gives an arrestee an easily understandable warning that if he refuses a chemical test and is convicted of DUI, he will be subject to severe penalties because of his refusal. Additionally, our Supreme Court stated

**3.** Form DL–26 reads as follows:

1. Please be advised that you are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
2. I am requesting that you submit to a chemical test of __ (blood, breath or urine. Officer chooses the chemical test).
3. It is my duty as a police officer to inform you that if you refuse to submit to the chemical test, your operating privilege will be suspended for at least one year. In addition, if you refuse to submit to the chemical test, and you are convicted of, plead to, or adjudicated delinquent with respect to violating Section 3802(a) of the Vehicle Code, because of your refusal, you will be subject to the more severe penalties set forth in Section 3804(c) of the Vehicle Code, which include a minimum of 72 hours in jail and a minimum fine of $1,000.00.
4. It is also my duty as a police officer to inform you that you have no right to speak with an attorney or anyone else before deciding whether to submit to testing and any request to speak with an attorney or anyone else after being provided these warnings or remaining silent when asked to submit to chemical testing will constitute a refusal, resulting in the suspension of your operating privilege and other enhanced criminal sanctions if you are convicted of violating Section 3802(a) of the Vehicle Code.

that which the legislature required the police to provide an arrestee is clear, and does not include the impractical complexity of explaining each of the three sections and eleven sub-subsections set forth in § 3804(c). *Id.*, at 195–98, 912 A.2d at 264–65. Our Supreme Court reiterated, "It is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it is worth it to violate that law." *Id.*, at 197, 912 A.2d at 265 (*citing Weaver v. DOT, Bureau of Driver Licensing*, 873 A.2d 1, 2 (Pa.Cmwlth.2005)). The inclusion of accurate information concerning the minimum penalties, beyond what the legislature required, does not affect the validity of Form DL–26 warnings. *Id.*, at 197, 912 A.2d at 265. Indeed, it informs the arrestee that the penalties are concrete, and not inconsequential. *Id.*, at 197, 912 A.2d at 265. Accordingly, our Supreme Court determined that the warnings on Form DL–26 satisfy the requirements of § 1547(b)(2)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547.

¶ 10 Consequently, our sense of justice and notions of fundamental fairness are not affronted in this instance because we find that provision of counsel at this stage is not constitutionally mandated and police officers are not required to inform a suspect of all of the criminal ramifications under subsection 3804(c). Therefore, we find no violation of due process. *See Rochin v. California*, 342 U.S. 165, 173, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (Due process of law, as a historic and generative

principle, precludes defining, and thereby confining, these standards of conduct more precisely than to say that convictions cannot be brought about by methods that offend "a sense of justice.").

¶ 11 The Commonwealth's second argument is that contrary to the suppression court's determination, the implied consent warnings provided to the Appellees were sufficient. As noted at length above, we agree with the Commonwealth and the mandate of our Supreme Court in *Weaver* that the warnings on Form DL–26 satisfy and, in fact, go beyond the requirements enumerated in 75 Pa.C.S. § 1547(b)(2)(ii).

¶ 12 The Commonwealth's third argument is that the suppression of the evidence pertaining to Appellees' refusals to submit to chemical testing is not an appropriate remedy. Specifically, the Commonwealth contends that subsection 1547(e) does not condition admissibility of refusal evidence upon whether the police officer gave Appellees a sufficient warning. We agree.

¶ 13 We find this situation akin to that in *Commonwealth v. Ruttle*, 388 Pa.Super. 262, 565 A.2d 477, 479 (1989), in which the issue before this Court was whether in the absence of a sufficient license suspension warning for the purposes of subsection 1547(b), a defendant's refusal is given knowingly for the purpose of introducing evidence of that refusal in a criminal proceeding pursuant to subsection 1547(e).[4] Similarly, Appellees argue

---

4. Although we recognize that *Ruttle* pre-dates the current amended DUI law, section 1547(e) remains virtually unchanged. The only difference in the current section is the substitution of the amended section number "3802" for the previous section number "3731." The previous section reads, in pertinent part, as follows:

(e) refusal admissible in evidence.—in any summary proceeding or *criminal pro-*

*ceeding* in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence

that the inaccurate information about sentencing penalties contained in Form DL–26 led Appellees to give an unknowing and unintelligent refusal to the request by the police officer to submit to the chemical test. Specifically, Appellees argue that because they were not sufficiently warned of the consequences of failing to submit to a chemical test, their refusal should not be admissible into evidence.

¶ 14 This Court stated that a knowing refusal is one made with an awareness of the consequences. *Ruttle,* 565 A.2d at 479. Additionally, this Court highlighted the separate consequences inherent in subsections 1547(b) and 1547(e), and the different information necessary to establish an awareness of these independent consequences. *Id.,* 565 A.2d at 479.

¶ 15 By promulgating subsection 1547(b), it was the legislature's intent that motorists be forewarned of one consequence of refusing to submit to chemical testing, *i.e.,* license suspension. *Id.,* 565 A.2d at 479 (*citing Peppelman v. Commonwealth,* 44 Pa.Cmwlth. 262, 403 A.2d 1041, 1043 (1979)). The motorist's refusal will not support license suspension unless it was preceded by a sufficient warning. *Id.,* 565 A.2d at 480 (citation omitted). Thus, subsection 1547(b) protects the motorist by reminding him of the immediate and largely irreversible consequence of refusing to submit to a chemical test. *Id.,* 565 A.2d at 480. This Court then observed that there is no compatible provision under subsection 1547(e) and subsection 1547(b)(2) does not warn of the possibility that the motorist's refusal will be admitted in a criminal proceeding. *Id.,* 565 A.2d at 480.

¶ 16 By way of further explanation, this Court stated:

The language of the statute [75 Pa. C.S. § 1547] itself further indicates that the legislature did not intend the introduction of evidence of a refusal to be conditioned upon whether police gave a sufficient warning. Subsection 1547(e) provides for the introduction of "other testimony concerning the circumstances of the refusal" when evidence of a refusal is admitted in a criminal proceeding. Accordingly, a defendant may testify to any excuse for his failure to submit to chemical testing, including the absence of a sufficient warning. No presumptions arise from the introduction of this evidence, and testimony concerning the circumstances surrounding the refusal could sufficiently diminish any arguably prejudicial impact of such evidence. Thus, the legislature has built into subsection 1547(e) a protective mechanism suitable to this subsection's own particular objective of permitting probative evidence to be introduced into a criminal proceeding. The trier of fact, having been provided with all the circumstances, will determine what weight should be given to the mere fact of refusal.

*Ruttle,* 565 A.2d at 480 (citation omitted). Contrary to the finding of the trial court, subsection 1547(e) is not conditioned upon the receipt of sufficient warning from a police officer.[5]

---

but it may be considered along with other factors concerning the charge. *Ruttle,* 565 A.2d at 479.

**5.** Even if subsection 1547(e) were conditioned upon the receipt of sufficient warnings, Appellees' argument would fail. Based upon our Supreme Court's decision in *Weaver* that the warnings on Form DL–26 are sufficient to give a defendant an easily understandable warning that if he refuses a chemical test and is convicted of DUI, he will be subject to severe penalties because of his refusal, we find Appellees' refusal was knowingly and intelligently given. *Weaver,* at 195–98, 912 A.2d at 264–65.

¶ 17 Because we find that the suppression court's legal conclusions drawn from the facts presented are erroneous, we reverse the orders entered on April 4, 2006, at 1376 Criminal 2005, 1227 Criminal 2005, and 660 Criminal 2005, April 12, 2006, at 1135 Criminal 2005, June 21, 2006, at 876 Criminal 2005, June 28, 2006, at 1597 Criminal 2005, and July 18, 2006, at 534 Criminal 2006, that granted Appellees' omnibus pre-trial motions to suppress. Further, we remand to the suppression court for proceedings consistent with this Opinion.

¶ 18 Orders reversed at 801 WDA 2006, 802 WDA 2006, 803 WDA 2006, 804 WDA 2006, 1220 WDA 2006, 1364 WDA 2006, and 1395 WDA 2006. Remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.