J-S05036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :

             v.                             :

FREUD LABARRIERE,               :
                                                :
          Appellant            :      No. 1392 MDA 2019

Appeal from the Judgment of Sentence Entered March 13, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004555-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:       **FILED NOVEMBER 19, 2020**

Freud Labarriere ("Labarriere") appeals from the judgment of sentence entered following his conviction for one count each of driving under the influence ("DUI") – general impairment (second offense), driving while operating privilege is suspended, and careless driving, and two counts of driving on roadways laned for traffic.[1]  We affirm in part, vacate in part, and remand for a new sentencing hearing.

On June 9, 2018, Lancaster City Police Lieutenant Richard Heim ("Lt. Heim") was traveling northbound on Hershey Avenue in Lancaster, Pennsylvania.  While proceeding through the intersection with Wabank Road, Lt. Heim observed Labarriere's vehicle, traveling southbound on Hershey Avenue, cross over the double-yellow center line.  Lt. Heim noted that no

---

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 1543(a), 3714(a), 3309(1).

traffic or obstruction forced the vehicle out of its lane. After Labarriere's vehicle passed, Lt. Heim performed a U-turn and caught up to and followed Labarriere's vehicle. Lt. Heim observed Labarriere's vehicle cross the double-yellow line several times and rapidly accelerate, going airborne at some points. Lt. Heim conducted a traffic stop and identified Labarriere as the driver. As Lt. Heim approached the vehicle, he observed that Labarriere did not readily notice his presence. Labarriere's mannerisms and movements appeared to be sluggish. Lt. Heim, suspecting that Labarriere was intoxicated, asked if Labarriere had anything to drink that night. Labarriere responded that he had one beverage. Lt. Heim, not trained in field sobriety tests, called Officer Heather Schaeffer ("Officer Schaeffer") to the scene due to her training and experience with intoxicated drivers.

Officer Schaeffer arrived on scene and observed that Labarriere had bloodshot and glassy eyes. Officer Schaeffer also noticed an odor of alcohol coming from the interior of the vehicle and asked Labarriere to exit the vehicle. Labarriere stumbled and fell over when he exited the vehicle. Next, Officer Schaeffer asked Labarriere to perform field sobriety tests and Labarriere refused to perform the tests. Labarriere was placed under arrest and transported to the police station. Officer Schaeffer read Labarriere the Pennsylvania Department of Transportation DL-26A implied consent form ("DL-26A Form"), and asked Labarriere to submit to a chemical breath test.

Labarriere refused to submit to a chemical breath test. Labarriere was subsequently charged with the above-mentioned offenses.

A jury convicted Labarriere of DUI – general impairment on March 13, 2019. Additionally, the trial court found Labarriere guilty of the remaining traffic offenses. The trial court sentenced Labarriere to 3 to 17 months in prison in the Lancaster County Prison for his DUI conviction, followed by 3 years of probation.[2] For the driving while operating privilege is suspended conviction, Labarriere was sentenced to a consecutive term of 3 to 6 months in prison. The trial court also ordered Labarriere to pay fines and costs. Labarriere timely filed a post-sentence Motion asking the trial court to reconsider his sentence, which was denied by operation of law. Labarriere

_____

[2] Sentencing occurred immediately after the conclusion of the jury trial. N.T. (Jury Trial and Sentencing), 3/13/19, at 151. Initially, the trial court sentenced Labarriere to an aggregate term of 6 to 23 months in the Lancaster County Prison. *Id.* at 155. After argument from the Commonwealth, the trial court imposed the five-year statutory maximum under 75 Pa.C.S.A. § 3804(d) by adding the 3-year probation tail. N.T. (Jury Trial and Sentencing), 3/13/19, at 155-56.

J-S05036-20

filed a timely Notice of Appeal.[3]

Labarriere now presents the following claims:

(1) Did [] Labarriere knowingly refuse breath testing[,] where the record reflects he was not informed of the enhanced criminal penalties when he had already been convicted of a prior DUI?

(2) Did the trial court improperly change its maximum sentence to five years in response to the Commonwealth's incorrect claim that the 5-year sentence was required, when no assessment had been ordered pursuant to [75 Pa.C.S.A.] § 3814(1) as required by [75 Pa.C.S.A.] § 3804(d)?

Brief for Appellant at 8.

_____

[3] On September 16, 2019, Labarriere's counsel filed a Statement of Intent to file an **Anders** Brief, pursuant to **Anders v. California**, 386 U.S. 738 (1967), in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Labarriere's counsel subsequently filed, in this Court, an **Anders** Brief and a Petition to Withdraw.

Initially, we concluded that counsel had complied with the technical requirements under **Anders**. During this Court's independent review of the record, we determined that a non-frivolous issue existed of "[w]hether Labarriere knowingly refused breath testing, where the record does not reflect whether he was informed of the enhanced criminal penalties." **Commonwealth v. Labarriere**, 1392 MDA 2019 (Pa. Super. filed March 13, 2019) (unpublished memorandum at 6). We ordered Labarriere's counsel to file a concise statement pursuant to Pa.R.A.P. 1925(b), the trial court to file a responsive Opinion pursuant to 1925(a), and for both parties to brief that issue as well as any others that may exist. **Id.** at 6-7.

The parties supplemented the record with the DL-26A Form and Labarriere's certified driving record. On June 12, 2020, this Court issued a per curiam Order further explaining that the DL-26A Form and Labarriere's certified driving record failed to resolve the question. The parties and trial court have now complied with our June 12, 2020, Order.

- 4 -

In his first claim, Labarriere argues that he did not knowingly refuse chemical breath testing where the DL-26A Form,[4] read to him by Officer Schaeffer, only included the mandatory minimum criminal penalties for first-time DUI offenders under Section 3804(c) of the Motor Vehicle Code. *Id.* at 15-19. Labarriere asserts that the warnings in the DL-26A Form "are

_____

[4] The DL-26A Form, in relevant part, provides the following:

It is my duty as a police officer to inform you of the following:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of breath.

3. If you refuse to submit to the breath test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months. In addition, if you refuse to submit to a breath test, and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then, because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code. **These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 hours in jail** and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000.

4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a breath test, you will have refused the test.

Commonwealth Exhibit 1, at 1 (emphasis in original).

inadequate to sufficiently warn a defendant that he or she will be subject to significantly higher penalties for refusal if convicted of a violation of [Section] 3804(c)(2)" (relating to second-time offenders). *Id.* at 16-17. Labarriere contends that the DL-26A Form notifies a first-time offender under Section 3804(c) of the mandatory minimum 72 hours in prison, plus $1,000.00 fine; however, Labarriere argues that a second-time offender is not informed of the mandatory minimum of 90 days in prison and a $1,500.00 fine that are specified under Section 1547(b)(2). *Id.* at 17-18. Further, Labarriere claims that failing to include the second-offense mandatory minimums can "only cause confusion in situations as here, where a defendant is told he is subject to enhanced civil penalties for a second or subsequent refusal, but only warned of the first[-]offense criminal penalties if convicted." *Id.* at 18.

In response, the Commonwealth contends that Section 1547(b)(2) confers a duty upon police officers to inform persons "that they 'will be subject to the penalties provided in [S]ection 3804(c)[].'" Commonwealth's Brief at 8-10. The Commonwealth asserts that, under Section 1547(b)(2), a police officer's duty does not require the officer to detail each of the specific mandatory minimum sentences set forth in Section 3804(c). *Id.* at 10. The Commonwealth claims that the DL-26A Form "goes beyond the essentials and specifically informs the person [of] both the minimum and maximum penalties provided for in Section 3804(c)." *Id.* at 11.

The issue before this Court involves statutory interpretation, which is a question of law, for which our scope of review is plenary and standard of review is *de novo*. ***Prieto Corp v. Gambone Constr. Co.***, 100 A.3d 602, 606 (Pa. Super. 2014).

Pursuant to the Statutory Construction Act, "our object is to ascertain the Legislature's intent, giving effect to all of the relevant statutory provisions." ***Johnson v. Phelan Hallinan & Schmieg, LLP***, 202 A.3d 730, 736 (Pa. Super. 2019) (citing 1 Pa.C.S.[A.] § 1921(a)). "Generally, a statute's plain language provides the best indication of legislative intent." ***Commonwealth v. Popielarcheck***, 151 A.3d 1088, 1091-92 (Pa. Super. 2016). We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." ***Id.*** (citing 1 Pa.C.S.[A.] § 1922(1)). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013). Additionally, we are mindful that "where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused." ***Commonwealth v. Wooten***, 545 A.2d 876, 879 (Pa. 1988).

Section 1547 of the Motor Vehicle Code, in relevant part, provides the following:

> **§ 1547. Chemical testing to determine amount of alcohol or controlled substance**

**(a) General Rule.--**Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

**(b) Civil penalties for refusal.--**

* * *

(2) **It shall be the duty of the police officer to inform the person that**:

(i) the person's operating privilege will be suspended upon refusal to submit to chemical testing and the person will be subject to a restoration fee of up to $2,000; and

(ii) if the person refuses to submit to chemical breath testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

75 Pa.C.S.A. § 1547 (emphasis added).  The plain language of Section 1547 provides that police officers have a duty to inform a person that, should they refuse to submit to a chemical breath test, the person is subject to enhanced mandatory minimum criminal penalties.  *See* 75 Pa.C.S.A. § 1547(b)(2)(ii). The statute further directs that the enhanced mandatory minimum criminal penalties are "provided in [S]ection 3804(c)" of the Motor Vehicle Code.  *Id.*

Section 1547 invokes 75 Pa.C.S.A. § 3804(c), which, in relevant part, provides as follows:

**§ 3804. Penalties**

* * *

**(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours;

(ii) pay a fine of not less than $1,000 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(c).

Our Pennsylvania Supreme Court has previously addressed the statutory interpretation of Section 1547(b)(2) in ***Pa. Dept. of Transp., Bureau of Driver Licensing v. Weaver***, 912 A.2d 259 (Pa. 2006). In ***Weaver***, the appellant was a third-time DUI offender who argued that police officers are required, under 75 Pa.C.S.A. § 1547(b)(2)(ii), to inform an individual of all the potential mandatory minimums codified in Section 3804(c). ***Weaver***, 912 A.2d at 261. In rejecting this claim, the Court held the following:

> The words of [Section 1547] are clear and free from all ambiguity…. The plain language requires **only** that the officer inform the arrestee that if he is convicted of DUI, refusal will result in additional penalties; it does not require the officer to enumerate all of the possible penalties, as appellant claims.

***Id.*** at 264-65 (emphasis added).[5] Further, this Court has stated, "[i]t is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it

---

[5] We are cognizant that the Supreme Court in ***Weaver*** addressed a prior version of Section 1547(b)(2), which addressed both chemical blood testing and chemical breath testing. ***See*** 75 Pa.C.S.A. § 1547(b)(2) (effective February 2004 to November 2004). The current version of Section 1547(b)(2) addresses *only* chemical breath testing. ***See*** 75 Pa.C.S.A. § 1547(b)(2)(ii).

In ***Weaver***, the Supreme Court rejected the claim that the DL-26 Form did not satisfy Section 1547(b)(2)(ii)'s requirements. ***Weaver***, 912 A.2d at 265. The Supreme Court concluded that the DL-26 Form was accurate, and that "[the] inclusion of accurate information concerning the minimum penalties, beyond what the legislature required, does not affect the validity of [the] DL-26 [Form] warnings." ***Id.***

is worth it to violate that law." ***Commonwealth v. Homer***, 928 A.2d 1085, 1090 (Pa. Super. 2007) (citations omitted).

In the instant case, Labarriere was stopped by police and thereafter asked to submit to a chemical breath test. N.T. (Jury Trial and Sentencing), 3/13/19, at 67-70. Officer Schaeffer read, verbatim, the DL-26A Form to Labarriere. ***Id.*** at 67-69.

The DL-26A Form specifically informed Labarriere that if he refused to submit to a chemical breath test, and was later convicted under Section 3802, he would be "subject to more severe penalties set forth in Section 3804(c)...." ***See*** Commonwealth Exhibit 1, at 1. Thus, the language of the DL-26A Form satisfied the requirements in Section 1547(b)(2). ***See*** Commonwealth Exhibit 1, at 1; ***see also*** 75 Pa.C.S.A. § 1547(b)(2); ***Weaver***, 912 A.2d at 264-65. Consequently, the record reflects that Labarriere knowingly refused the chemical breath test, and we cannot grant Labarriere relief on this claim.

In his second claim, Labarriere contends that his sentence is illegal because the trial court improperly changed his maximum sentence from 23 months to five years. Brief for Appellant at 20. Labarriere argues that the trial court could not have changed his sentence because "no [Section 3814 pre-sentence] assessment had been performed prior to sentencing." ***Id.*** Labarriere emphasizes that 75 Pa.C.S.A. § 3804(d) requires the trial court to impose the mandatory minimum and mandatory maximum sentences *only* if the Section 3814 pre-sentence assessment determines that the defendant is

in need of additional treatment. Brief for Appellant at 20-21. Labarriere acknowledges that his trial counsel waived a pre-sentence investigation report, but contends that he did not waive the Section 3814 pre-sentence assessment. *Id.* at 22.

"The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality." *Commonwealth v. Pinko*, 811 A.2d 576, 577 (Pa. Super. 2002) (citation omitted). "Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Gentry*, 101 A.3d 813, 817 (Pa. Super. 2014) (citation omitted). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Id.* "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* Generally, a challenge to an illegal sentence is non-waivable. *See Commonwealth v. Graett*, 13 A.3d 516, 518 (Pa. Super. 2011).

Section 3814 of the Motor Vehicle Code provides, in relevant part, as follows:

> **§ 3814. Drug and alcohol assessments**
>
> If a defendant is convicted or pleads guilty or no contest to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the following apply **prior to** sentencing:
>
> * * *

(2) the defendant shall be subject to a full assessment for alcohol and drug addiction if any of the following subparagraphs apply:

(i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:

(A) section 3802….

* * *

(4) The assessment under paragraph (2) shall consider issues of public safety and shall include recommendations for all of the following:

(i) Length of stay.

(ii) Levels of care.

(iii) Follow-up care and monitoring.

75 Pa.C.S.A. § 3814(2) (emphasis added). Section 3804(d), regarding

Section 3814's pre-sentence assessment, states the following:

**(d) Extended supervision of court**.--If a person is sentenced pursuant to this chapter and, **after the initial assessment required by section 3814(1)**, the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S.[A.] § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S.A. § 3804(d) (emphasis added); *see also Commonwealth v.*

*Dennis*, 164 A.3d 503, 506 (Pa. Super. 2017) (stating that "[s]entencing

cannot occur until the assessments are completed.").

Instantly, Labarriere was convicted of DUI – general impairment, his second offense. N.T. (Jury Trial and Sentencing), 3/13/19, at 149-51; **see also** Commonwealth Exhibit 2, at 4 (wherein Labarriere's driving record reveals a prior Section 3802 (relating to DUI – general impairment) conviction on January 23, 2010). Because Labarriere was convicted of a second violation of Section 3802, Section 3814(2) required that a pre-sentence assessment be performed prior to the trial court's imposition of the statutory maximum sentence. **See** 75 Pa.C.S.A. § 3814(2)(i)(A); **see also Commonwealth v. Taylor**, 104 A.3d 479, 481 (Pa. 2014) (stating that the pre-sentence assessment required by Section 3814 is a mandatory requirement for the sentencing scheme of DUI offenders); **Commonwealth v. Borovichka**, 18 A.3d 1242, 1255 (Pa. Super. 2011) (stating that the Section 3814 pre-sentence assessment must be ordered and completed prior to sentencing under Section 3802).

In its Opinion, the trial court acknowledged that Labarriere's sentence is illegal under **Taylor**, but concluded that Labarriere waived his Section 3814 pre-sentence assessment. **See** Trial Court Opinion, 8/7/20, at 7 (stating that this matter is foreclosed by **Taylor**, but Labarriere waived his pre-sentence assessment). In support of this conclusion, the trial court directs our attention to the following exchange at the end of the jury trial:

[Trial Court]: [W]hy wouldn't I just sentence him now?

[Commonwealth]: []That's certainly an option as well.

- 14 -

[Defense Counsel]:  Just a moment.

[Trial Court]:  Certainly.

(Discussion held off the record)

[Defense Counsel]:  We can proceed to sentencing now, Your Honor.

[Trial Court]:  All right.  Very good.  Then with that, if you like to say - well[,] do you have the guidelines counsel?

[Commonwealth]:  That is what I'm getting out right now, sir.

* * *

[Trial Court]: All right.  On Information 4555 of 2018, on Count 1, DUI, second offense with a refusal as an M-1, the sentence is 3 to 17 months, a $1500 fine plus costs.

He's to attend and complete Alcohol Highway Safety School, [and] a CRN evaluation.  Act 24 of 2004 treatment applies.  There is a one-year Ignition Interlock, and there is a license suspension. He will receive notice from PennDOT about that.

I'm going to add a no-alcohol order, and the defendant may be SCRAM-monitored at any time within the discretion of his probation officer.

* * *

[Trial Court]:  Anything else on sentencing, counsel?

[Commonwealth]:  The only thing I would reference, I do believe under the DUI statute, the maximum has to be imposed when its [*sic*] not an [Intermediate Punishment] sentence with a BAC of this level, second offense within ten years.

I can actually point the [c]ourt to that.  I think its [] Section 3814 of the Vehicle Code.

[Trial Court]:  And by max sentence--

[Commonwealth]: So [] the top end of the sentence would have to be five years.

[Trial Court]: All right. So there has to be a three-year tail on top?

[Commonwealth]: Correct, sir.

[Trial Court]: All right. Very good. Anything else?

[Commonwealth]: No, Your Honor. That's it.

[Trial Court]: [Defense Counsel], anything further?

[Defense Counsel]: No, Your Honor.

N.T. (Jury Trial and Sentencing), 3/13/19, at 151-52, 155-57.

Based on this exchange, the trial court found that Labarriere had affirmatively waived his Section 3814 pre-sentence assessment. Trial Court Opinion, 8/7/20, at 7. The trial court emphasizes that Labarriere was informed of his pre-sentence assessment during the off-the-record conversation.[6] **See** Trial Court Opinion, 8/7/20, at 7.

Our Supreme Court has previously held that the requirements of Section 3814 are mandatory. **See Taylor**, 104 A.3d at 481. However, our Supreme Court declined to broadly address whether the pre-sentence assessment could be waived. **See id.** at 494 n.19 (stating that "[b]ecause waiver, or non-

---

[6] Our review of the record reveals no support for the claim that Labarriere was informed of his statutory right to a Section 3814 pre-sentence assessment. Additionally, it is well-settled that this Court is "limited to considering only those facts which have been duly certified in the record on appeal." **Commonwealth v. Montalvo**, 641 A.2d 1176, 1183 (Pa. Super. 1994) (citing **Commonwealth v. Osellanie**, 597 A.2d 130, 131 (Pa. Super. 1991).

compliance, is not before us on the facts presented, we leave for another day the consequence of a defendant's non-compliance with a court-ordered assessment."). Instead, the Supreme Court concluded that Franklin County had failed to make Section 3814 pre-sentence assessments available to the defendant at all and, thus, the defendant was unable to have a pre-sentence assessment. *Taylor*, 104 A.3d at 493-94 (stating that Section 3814 pre-sentence assessments are not discretionary and the county is obligated to ensure the availability of such assessments).

Instantly, it appears that Lancaster County implemented a procedure that allows defendants, who are not in prison, to have the required pre-sentence assessments under Section 3814.[7] Lancaster County provides full drug and alcohol assessments, as described in Section 3814, through "11 licensed [outpatient] providers." *See* "A Descriptive Analysis of Pennsylvania's Driving Under the Influence Programs: Compliance with Statutory Provisions Regarding Pre-Disposition Screenings and Assessments and Data Reporting," (January 2018), ddap.pa.gov/Documents/Agency%20Publications/DUI%20Compliance%20Report.pdf at 1, 5-6, 55 (explaining the Supreme Court's holding in *Taylor* and

---

[7] We will not determine whether Lancaster County has complied with Section 3814 (requiring pre-sentence assessments). However, as discussed *infra*, we conclude that the requirements of Section 3814 were not met.

analyzing each county's compliance with Section 3814 pre-sentence assessment requirement).

Lancaster County's Drug and Alcohol Commission ("LCDAC") has designated these 11 outpatient facilities as appropriate locations to conduct full drug and alcohol assessments for the purposes of Section 3814. *See* Lancaster County Drug and Alcohol Commission, *Helping Others Get Help, For Alcohol and Other Drug Problems*, (January 2019), co.lancaster.pa.us/DocumentCenter/View/3522/helpgethelp?bidld= at 8 (detailing all 11 outpatient providers with their respective addresses and contact information); *see also* 75 Pa.C.S.A. § 3814(3)(ii) (requiring that the pre-sentence assessment be conducted by "(ii) [t]he county agency with responsibility for county drug and alcohol programs or its designee"). According to the LCDAC, in order for an individual in the Lancaster County Prison to utilize the full drug and alcohol assessment, the individual must "first complete all legal obligations (in other words, serve out their sentence)[.]" *See* Lancaster County Drug and Alcohol Commission, at 5. In the alternative, an individual in prison "may also be referred by a judge." *Id.*

In the instant case, Labarriere was in prison at the time of trial.[8] N.T. (Jury Trial and Sentencing), 3/13/19, at 152-54. Additionally, Labarriere's

_____

[8] We observe that Labarriere was either lodged in the York County Prison for an ICE detainer, or being held in the Lancaster County Prison on bond, since August 2018. *See* N.T. (Jury Trial and Sentencing), 3/13/19, at 153.

- 18 -

sentencing occurred immediately after the jury trial was discharged. *Id.* at 151-57. Thus, based upon LCDAC's guidelines, Labarriere could *only* receive a pre-sentence assessment if the trial court had ordered it. *See* Lancaster County Drug and Alcohol Commission, at 5.

In light of the unique facts of this case, as outlined above, we conclude that Labarriere had not waived his pre-sentence assessment through his actions. Instead, the immediate imposition of Labarriere's sentence rendered the Section 3814 pre-sentence assessment entirely unavailable to Labarriere, absent a court order. *See* Lancaster County Drug and Alcohol Commission, at 5. Additionally, the record reflects that at no point was Labarriere informed of his statutory right to a Section 3814 pre-sentence assessment. N.T. (Jury Trial and Sentencing), 3/13/19, at 152-57. Indeed, the lack of such knowledge, coupled with Lancaster County's procedures, made it impossible for Labarriere to receive a Section 3814 pre-sentence assessment, absent a court order.

In concluding that Labarriere's sentencing did not comply with Section 3814, we emphasize that the Section 3814 requires that the pre-sentence assessment be completed following a defendant's conviction, but prior to the imposition of sentence. *See* 75 Pa.C.S.A. § 3814 (stating that "[i]f a defendant is **convicted or pleads guilty or no contest** to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the [pre-sentence assessment] **appl**[**ies**] **prior to sentencing**[]"

- 19 -

(emphasis added)). Accordingly, the trial court erred in sentencing Labarriere to the statutory maximum five-year sentence without first ordering and considering the mandatory Section 3814 pre-sentence assessment.[9] **See Taylor**, 104 A.3d at 491; **see also Borovickha**, **supra**. Thus, we must vacate Labarriere's judgment of sentence, and remand for a new sentencing hearing.

Based upon the foregoing, we affirm Labarriere's convictions, vacate his judgement of sentence, and remand for a new sentencing hearing.

Judgment of sentence vacated. Case remanded for a new sentencing hearing in accordance with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020

---

[9] Due to the factual circumstances of this case, we decline to address the general question of whether the Section 3814 pre-sentence assessment can be waived.