549 A.2d 973

COMMONWEALTH of Pennsylvania

v.

Buddy A. HUNSINGER, Sr., Appellant.

Superior Court of Pennsylvania.

Submitted June 21, 1988.

Filed Oct. 27, 1988.

198

Michael Dennehy, Danville, for appellant.

George O. Wagner, District Attorney, Danville, for Com., appellee.

Before MONTEMURO, BECK and POPOVICH, JJ.

BECK, Judge:

■ The issue is whether the trial court acted properly in admitting evidence that appellant initially refused to take a breathalyzer test where the appellant later agreed to the test.

We conclude that the trial court acted properly in admitting the evidence, and we affirm the judgment of sentence.

Appellant was convicted of one count of driving under the influence under 75 Pa.Cons.Stat.Ann. § 3731(a)(1) (Purdon 1987) and was sentenced to three to twenty-three months imprisonment in the Montour County jail. The testimony at trial established that appellant at least twice refused to submit to a breathalyzer test, but then agreed to take the test. Among other issues, appellant asserts that the suppression court erred in not suppressing evidence of his refusal to take the breathalyzer test.

Appellant concedes that the law is established that initial refusal to take the test followed by later agreement is admissible in a proceeding for suspending a driver's license but he argues that there should be a different standard for defining a "refusal" for criminal trials. We disagree.

The statute which addresses the admissibility at trial of a refusal to submit to chemical testing for blood alcohol content provides as follows:

> In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by [§ 1547] subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.Cons.Stat.Ann. § 1547(e) (Purdon 1988).

Appellant does not challenge the validity of this statute, nor does he claim that a refusal to take a breathalyzer test should be inadmissible as evidence at a criminal trial. Appellant concedes that in the closely analogous situation of a license suspension hearing, the Pennsylvania courts have held that anything less than an unqualified, unequivocal assent to the test is sufficient to constitute a refusal. *See Cunningham v. Commonwealth Department of Transportation*, 105 Pa.Comwlth. 501, 525 A.2d 9 (1987); *Hando v. Commonwealth*, 84 Pa.Comwlth. 63, 478 A.2d 932 (1984); *In re: Appeal of Donald Earl Miller*, 79 Pa.Comwlth. 648,

470 A.2d 213 (1984). Appellant nevertheless contends that a different standard should be used in a criminal proceeding in determining what actions or words constitute a refusal under the statute. Appellant cites no case law or reasoning in support of this contention, and our research discloses no applicable precedent.

The statute does not define "refusal." It therefore does not on its face resolve the question of whether a refusal, or in this case, more than one refusal, followed by consent to take the test constitutes a "refusal" in a criminal proceeding. However, the policies underlying the statute compel the conclusion that an initial refusal to take a breathalyzer test cannot be vitiated by a subsequent consent to the test.

First, the statute is designed to induce drivers to take a breath test because of the volatile nature of the evidence.[1] Because of such volatility, the Commonwealth should be able to record the blood alcohol content of the suspect's bloodstream at the earliest possible moment. *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *see Commonwealth v. Gonzalez,* 519 Pa. 116, 546 A.2d 26 (1988) (noting the difficulty of timing absorption of alcohol into the system for purpose of determining intoxication). A less stringent definition of "refusal" would hamper the Commonwealth's ability to obtain results truly indicating a defendant's intoxication while driving. A defendant could initially refuse to take the test, knowing that the results would indicate intoxication over the legal limit. He could then change his mind and consent to the test after the alcohol content in his blood had dissipated somewhat. The Commonwealth would then be prevented from introducing the defendant's refusal into evidence, and would also be denied the opportunity to introduce a test result most indicative of the defendant's true state of intoxication while driving.

---

1. Appellant does not challenge the statutory provision allowing for a defendant's refusal of chemical testing to be admitted into evidence. We note here, however, that similar statutes have been approved by the United States Supreme Court. *See South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979).

Moreover, a lesser standard would confuse, rather than guide, police conduct. The police would not be able to take a "no" from a suspect at face value. Under the current stringent test employed in the license revocation cases, the police are not required to spend time cajoling a suspect or waiting to see if that suspect will change his or her mind. *In re: Appeal of Miller*, 79 Pa.Comwlth. 648, 470 A.2d 213 (1984).

Appellant, while objecting to defining "refusal" as anything less than an unequivocal consent, does not provide us with any alternative definition of refusal. Presumably, from the facts of his case, the appellant would advocate an approach which would examine all the facts surrounding the refusal and would determine if some valid explanation for the refusal existed. Appellant's concern seems to be that the jury could draw unfair inferences of intoxication from the refusal, especially in cases where other legitimate concerns motivated the refusal.[2] Appellant ignores the fact that the statute itself gives the factfinder the chance to consider the circumstances of the refusal, even if we define "refusal" strictly.

The statute provides that the refusal "may be introduced in evidence along with other testimony concerning the circumstances of the refusal." 75 Pa.Cons.Stat.Ann. § 1547(e) (Purdon 1988). Thus, the defendant's reasons for refusal are allowed to be admitted along with the refusal. In this case, appellant was permitted to testify concerning his reasons for refusing the test initially. He also was permitted to testify that he later agreed to take the test, but that the police officer did not allow him to do so. Moreover, the statute states that "[n]o presumptions shall arise from [the evidence of the refusal] but [the refusal] may be considered along with other factors concerning the charge." 75 Pa.

2. Appellant claims that he refused to take the test because he thought that the district attorney in the county of appellant's arrest was the attorney who represented appellant's wife in their divorce action. Appellant claims to have consented to the test after he found out that another attorney was the district attorney.

Cons.Stat.Ann. § 1547(e) (Purdon 1988). Thus, the statute itself provides for a full consideration by the factfinder of all relevant facts surrounding a defendant's refusal to take the breathalyzer test.

Thus, defining "refusal" as anything less than an unequivocal consent strikes a fair balance between the needs of the Commonwealth to induce a defendant to take the test in order to obtain a prompt, accurate breathalyzer reading and the defendant's interest in a fair interpretation of his refusal to take the test. Therefore, we find that a refusal followed by a consent to the test constitutes a refusal under the statute and that such refusal may be admitted into evidence at a criminal trial.

The other issues which appellant raises on appeal are either waived or meritless. Appellant contends the following: (1) that the extension granted under Rule 1100 was open-ended and violative of appellant's speedy trial rights; (2) that the evidence failed to establish that appellant's alcohol consumption rendered him incapable of safe driving; (3) that, in its charge to the jury, the trial court overly emphasized appellant's interest in the case and engaged in an unnecessary discussion of the driving under intoxication statute; and, (4) that the sentence imposed was excessive. We will address these claims seriatim.

■ Appellant has waived his contention that the trial court erred when it extended time for trial under Pa.R. Crim.P. 1100 to the "next term of Court following the filing of a decision by the Court on any pre-trial motions" in the case. Appellant contends that the grant of extension, as worded, violated Rule 1100 by failing to specify a certain date. However, appellant failed to raise his speedy trial claim before trial, as mandated by Rule 1100(f). Therefore, the claim is waived. *Commonwealth v. McFadden*, 300 Pa.Super. 299, 446 A.2d 624 (1982).

■ We note, however, that even if not waived, appellant's claim fails. According to Pa.R.Crim.P. 1100(c)(4), the order granting the petition must specify the "date or period" within which the trial must be commenced. The case was continued so that the court could dispose of appellant's

pretrial motions. It was extended to the term of court immediately following the disposal of the motions. The dates of the trial terms in the county at issue are published at the beginning of each year. Therefore, the period to which the case was extended was properly stated in the order.

■ Appellant's claim that the Commonwealth failed to establish that appellant's alcohol consumption rendered him incapable of assertions, the Commonwealth did not simply establish that appellant crossed into the center lane while driving. The evidence adduced at trial shows that the arresting officer observed appellant's car cross over into the wrong lane, then proceed to travel half in one lane and half in the other. Appellant did not reenter the correct lane until the police officer activated his lights. When asked to produce his license, appellant fumbled through his wallet, passing over the license three times. He then produced his insurance card when asked for his registration. The officer also detected an odor of alcohol coming from the car and from appellant. Appellant could not walk a straight line when asked, nor could he touch his finger to his nose. The Commonwealth established that appellant was driving while "under the influence of alcohol to a degree which renders the person incapable of safe driving." 75 Pa.Cons.Stat. Ann. § 3731(a)(1) (Purdon 1987).

■ Appellant next objects to the trial court's charge to the jury. Appellant first claims that the court overly emphasized to the jury that appellant had an interest in the case. Appellant misquotes the jury charge. The court did not say that "the defendant" has an interest in the case, but that "the defendant in every case" does have an interest in the case. The court was discussing the jury's duty of evaluating witness credibility and pointed out that other witnesses as well may have an interest in the outcome of the case. The instruction did not indicate a bias against appellant and was proper under the law. *Commonwealth v. Gilbert*, 254 Pa.Super. 579, 386 A.2d 101 (1978) (similar charge approved). Nor did the court imply that appellant was the sort of person who "was not in full possession of

his faculties" and against whom the Commonwealth needs protection. Appellant has waived this claim, having failed to object to this portion of the court's charge at trial. *Commonwealth v. Ballard*, 501 Pa. 230, 460 A.2d 1091 (1983). For purposes of disposal of this case, however, we note that appellant again misquotes the charge. The court, in the process of explaining the pertinent statute to the jury, simply stated that the legislature enacted the statute in the realization that "the drivers of vehicles should at all times be in full possession of their faculties in order to avoid injury to themselves or others...." The appellant was not mentioned, and the court inferred no bias against him. The charge was proper.

■ Finally, appellant claims that his sentence was excessive. Since this claim does not concern the legality of sentence, but is directed toward a discretionary aspect of sentencing, appellant is required to set forth in his brief a statement of reasons relied upon under Pa.R.App.P. 2119(f). *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Appellant's brief does not include the required statement, and the Commonwealth objects to appellant's error. Appellant has therefore waived his sentencing challenge. *Commonwealth v. Wall*, 372 Pa.Super. 534, 539 A.2d 1325 (1988).

Judgment of sentence affirmed.