## Commonwealth v. Ruttle

*William R. McElroy, assistant district attorney,* for the commonwealth.

*John P. Gregg,* for defendant.

SUBERS, *J.,* February 3, 1989—Defendant, Brian Ruttle, was charged with driving while under the influence of alcohol.[1] Defendant filed an omnibus pretrial motion in which he asked this court to suppress any reference to an alleged refusal of chemical testing because he was not properly warned of the civil consequences of a refusal. On November 17, 1988, we granted the motion to suppress. The commonwealth now appeals.

## FACTS

On March 20, 1988, Officer Michael Levitsky of the Cheltenham Township Police Department responded to the call of a traffic accident and found defendant standing near his vehicle. Officer Levitsky spoke with defendant and observed that he had a large head wound in addition to slurred speech, a staggering walk, and the odor of an alcoholic beverage on his breath. Defendant was transported to a hospital for treatment and a blood test. Officer Levitsky asked defendant to submit to a blood test and advised defendant "that if he didn't consent to having the blood test taken, the chemical testing, that there's a possibility that he could lose his license or be suspended for a year. . . ." When defendant would not allow hospital personnel to draw blood from him Officer Levitsky repeated his

---

1. 75 Pa.C.S. §3731(a)(1).

warning that if he refused "he could possibly lose his license for a year." The blood test was not conducted.

The case was called for trial on November 17, 1988. The commonwealth was prepared to introduce defendant's "refusal" of the blood test as evidence that he was driving while under the influence of alcohol.[2] We granted defendant's motion to suppress any reference to an alleged "refusal."

## ISSUE

Whether a defendant's failure to submit to chemical testing is a "refusal" under section 1547(e) of the Vehicle Code, and therefore admissible at trial for driving under the influence, where he was not properly advised of the civil consequences of a "refusal."

## DISCUSSION

The question presented is how we should define "refusal" under section 1547(e) of the Vehicle Code. Title 75 section 1547 states, in relevant part:

"§ 1547. Chemical testing to determine amount of alcohol or controlled substance—

"(a) *General rule*—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

2. 75 Pa.C.S. § 1547(e).

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal—*

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) *It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.*

. . .

"(e) *Refusal admissible in evidence—*In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge." (emphasis supplied)

The commonwealth contends that it should be permitted to introduce evidence that defendant did not submit to chemical testing pursuant to section 1547(e) even though defendant was not properly warned of the civil consequences of a refusal. The crux of the commonwealth's position is that section

1547(b) (relating to license suspension) is the only part of section 1547 that requires the police to warn a motorist of the consequences of a refusal. Thus, the commonwealth argues, they may use defendant's failure to take the blood test in this criminal prosecution, despite the fact that defendant was not properly warned, because the warnings only apply in a civil license suspension proceeding.

In considering the commonwealth's position, we find some guidance in the recent case of *Commonwealth v. Hunsinger,* 379 Pa. Super. 196, 549 A.2d 973 (1988), wherein our Superior Court addressed the contention that a different standard should apply in a criminal proceeding in determining what actions or words constitute a "refusal" under section 1547. In *Hunsinger,* the defendant did not argue that he was not properly warned of the consequences of failing to submit to a chemical test. Rather, he argued that despite the fact that his initial refusal and later assent would be a "refusal" for purposes of a license suspension proceeding, there should be a different standard for defining "refusal" for criminal trials. The Superior Court disagreed.

The *Hunsinger* court looked at the purpose behind section 1547 and concluded that what amounted to a refusal for purposes of a license suspension proceeding under section 1547(b) was admissible in a criminal trial as a refusal to submit to chemical testing pursuant to section 1547(e). The court stated that there was no cogent reason to define "refusal" differently in a criminal proceeding.

In the instant case, Officer Levitsky told defendant that he "could possibly" lose his license. It is well established that there is no refusal unless the police officer informs a motorist that he *will* lose his license. *Smolick v. Commonwealth,* 60 Pa. Commw. 180, 430 A.2d 1230 (1981); *Everhart v. Common-*

*wealth,* 54 Pa. Commw. 22, 420 A.2d 13 (1980); *Spirer v. Commonwealth,* 52 Pa. Commw. 381, 416 A.2d 587 (1980); *Peppelman v. Commonwealth,* 44 Pa. Commw. 262, 403 A.2d 1041 (1979). However, the commonwealth argues that this definition of "refusal" only applies to license suspension proceedings because the statutory warnings are limited to section 1547(b).

General principles of statutory construction mandate that sections 1547(b) and (e) be read in pari materia.[3] Both provisions relate to chemical testing for blood-alcohol content and are contained within section 1547 (commonly referred to as the "Informed Consent Statute"). The two subsections should therefore be construed together, if possible. In the instant situation it would be illogical to read section 1547(e) apart from section 1547(b). The two subsections relate to the same subject (refusal to submit to chemical testing) and are directed at the same class of persons (those who refuse). The only distinction between the operation of the two subsections is that section 1547(b) is a civil provision while section 1547(e) relates to criminal prosecutions. Since any doubt in construing a penal statute must be resolved in favor of the accused,[4] we construed a "refusal" under section 1547(e) to require at least the same warnings as required by section 1547(b).

3. "1 Pa.C.S. §1932. Statutes in pari materia—

(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

"(b) Statutes in pari materia shall be construed together, if possible, as one statute."

4. *Commonwealth v. Godsey,* 342 Pa. Super. 24, 492 A.2d 44 (1985); *Commonwealth v. Ashford,* 263 Pa. Super. 100, 397 A.2d 420 (1979); *Commonwealth v. Darush,* 256 Pa. Super. 344, 389 A.2d 1156 (1978).

Our holding simply requires police to perform their duty to properly warn *all* motorists of their obligations as set forth by section 1547.

For these reasons we suppressed any reference to an alleged refusal. The commonwealth argues that we erred in suppressing this evidence. Our reason for suppressing is clear: based upon our definition of "refusal" there was no refusal therefore nothing to present to the jury under section 1547(e).

## CONCLUSION

Based upon the foregoing analysis, our suppression of any evidence relating to defendant's alleged refusal to submit to chemical analysis was proper and should be affirmed.