## Commonwealth v. Stallsmith

*Shane F. Crosby,* for Commonwealth.
*Robert J. Chester,* for defendant.

GEORGE, *J.,* April 23, 2008—On July 5, 2007 at approximately 9:30 p.m., a vehicle operated by the defendant, Gregory Lee Stallsmith, was stopped by Officer William Orth of the Gettysburg Borough Police Department. Officer Orth was attracted to the vehicle after hearing the sound of a car horn blowing. When he turned to the direction of the noise, he observed Stallsmith's vehicle traveling eastbound on State Route 30 at a distance of approximately four to five feet behind a vehicle moving in front of it in the same direction. He opined that the vehicles were traveling at, or slightly in excess of, the legally posted speed limit of 25 miles per hour and that Stallsmith's vehicle would not be able to stop in the event of an emergency stop by the lead vehicle. Orth observed Stallsmith's vehicle for approximately 300 yards during which the distance between the two vehicles remained the same. Based upon observations, Officer Orth conducted a vehicle stop. As a result of evidence derived from the stop, Stallsmith was charged with driving under the influence of alcohol. He was also cited for the summary offenses of following too closely (75 Pa.C.S. §3310) and operating a vehicle without financial responsibility (75 Pa.C.S. §1786).

After formal arraignment, Stallsmith filed an omnibus pretrial motion seeking suppression of all evidence de-

rived as the result of the stop. That motion was denied following hearing on November 20, 2007. Thereafter, Stallsmith was convicted at a non-jury trial on January 15, 2008. Following sentencing on February 25, 2008, Stallsmith filed a timely appeal to the Superior Court. In his appeal, Stallsmith challenges this court's decision upholding the legality of the vehicle stop.

The proper standard to be applied in determining the legality of the traffic stop is whether the arresting officer had a reasonable suspicion that provisions of the Motor Vehicle Code were being violated. See 75 Pa.C.S. §6308(b); *Commonwealth v. Little,* 903 A.2d 1269, 1272 (Pa. Super. 2006). In order to determine whether the arresting officer had reasonable suspicion, the totality of the circumstances must be considered. *In the Interest of D.M.,* 566 Pa. 445, 449, 781 A.2d 1161, 1163 (2001). The totality of the circumstances does not limit inquiry to an examination of only those facts which clearly indicate criminal conduct but also includes a consideration of whether a combination of innocent facts, when taken together, warrant further investigation by the police officer. *Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 676-77 (1999). In making this determination, due weight must be given to the specific reasonable inferences which the police officer is entitled to draw from the facts in light of his or her experience. *Commonwealth v. Barnhart,* 933 A.2d 1061, 1065 (Pa. Super. 2007) citing to *Commonwealth v. Cook,* 735 A.2d at 676.

Officer Orth stopped Stallsmith's vehicle because of his belief that Stallsmith was operating his vehicle in violation of section 3310 of the Pennsylvania Motor Vehicle Code. That section provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of vehicles and the traffic on and the conditions of the highway." 75 Pa.C.S. §3310(a).

Because this language is clear and unambiguous, it is to be construed according to the plain meaning of the word used. *Commonwealth v. Stanley,* 498 Pa. 326, 335, 446 A.2d 583, 587 (1982).

In *Commonwealth v. Phin,* 761 A.2d 176, 180 (Pa. Super. 2000), the Superior Court concluded that a state trooper's observations, standing alone, were legally sufficient to justify a stop for a violation of section 3310(a) when the trooper testified that he observed a vehicle following a tractor-trailer less than a motorcycle length distance behind at a speed of 55 miles per hour. The court reasoned that "[t]he evidence clearly bespeaks a hazard within the contemplation of section 3310(a)." *Commonwealth v. Phin,* 761 A.2d 176, 180 (Pa. Super. 2000). In *Commonwealth v. Bybel,* 779 A.2d 523, 524-25 (Pa. Super. 2001), the Superior Court found similar evidence sufficient to support a conviction for section 3310. In finding the evidence sufficient beyond a reasonable doubt, the court noted that the evidence established that the appellant's actions in tailgating the lead vehicle compromised safety on the highway in direct contravention of the language of section 3310. In part, the court relied upon the testimony of the citing trooper that the "appellant could not have avoided a collision if the tractor-trailer had cause to brake suddenly." *Id.,* 779 A.2d at 525.

Unlike *Bybel,* the burden on the Commonwealth at a suppression hearing is not beyond a reasonable doubt

but rather, as mentioned, whether a reasonable suspicion was present.[1] Officer Orth's observations are clearly sufficient to meet that burden. He noted that the sound of a vehicle horn caught his attention. His observations thereafter are consistent with the type of tailgating specifically prohibited by the Vehicle Code. Stallsmith placed his vehicle immediately off the rear bumper of lead vehicle and followed the lead vehicle for a distance of 300 yards at a speed that made an immediate safe stop impossible. The everyday experiences of motorists on our roadways teach how dangerous Stallsmith's actions were. While I cannot conclude that Officer Orth's intervention may have avoided a more serious incident spawned by "road rage," the totality of the circumstances permits the reasonable conclusion that Stallsmith was aggressively tailgating the lead vehicle due to some perceived disrespect on the roadway. This observation certainly warranted further investigation as it is precisely the type of conduct which is made illegal by the Vehicle Code.

For the foregoing reasons, it is respectfully requested that Stallsmith's sentence be affirmed.[2]

1. Interestingly, Stallsmith currently does not challenge the sufficiency of evidence supporting his conviction of violation of 75 Pa.C.S. §3310.

2. A reading of Stallsmith's concise statement of matters complained of on appeal leaves this court unclear as to whether he is challenging the probable cause for Stallsmith's arrest. Nevertheless, the issue, if raised by Stallsmith, is frivolous. At suppression hearing, Officer Orth's testimony established an odor of alcohol on Stallsmith's person. Subsequent discussion with Stallsmith revealed slurred speech and his admission to the consumption of alcohol. Stallsmith failed the sobriety testing given to him. Based upon these observations, including Stallsmith's aggressive driving, Officer Orth formed the opinion that he was under the influence of alcohol. Officer Orth was a police officer for approximately 14 years and has been trained in the identifiers for persons under the influence of

alcohol. He has been involved in arresting individuals for DUI on at least 50 to 60 occasions. Similar evidence has been found by the Superior Court to be sufficient to support a finding of probable cause. See *Commonwealth v. Gruff,* 822 A.2d 773, 781 (Pa. Super. 2003), *appeal denied,* 581 Pa. 672, 863 A.2d 1143 (2004); *Commonwealth v. Smith,* 904 A.2d 30, 36-37 (Pa. Super. 2006); *Commonwealth v. Hunsinger,* 379 Pa. Super. 196, 203, 549 A.2d 973, 977 (1988).