J-A02025-18

2018 PA Super 81

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER JAMES CALABRESE | : | |
| | : | |
| Appellant | : | No. 261 WDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009180-2016

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

OPINION BY OLSON, J.: FILED APRIL 06, 2018

Appellant, Alexander James Calabrese, appeals from the judgment of sentence entered on January 30, 2017, following his bench trial convictions for driving under the influence of alcohol (DUI) and a summary motor vehicle code violation of following too closely.[1] We affirm.

We briefly summarize the facts and procedural history of this case as follows. On May 14, 2016, in Robinson Township, Pennsylvania, Officer Scott Patton witnessed Appellant driving at a high rate of speed, almost striking the vehicle in front of him. As a result, Officer Patton executed a traffic stop for following too closely. Officer Patton could smell a strong odor of alcohol from the vehicle. Appellant admitted that he had just come from a bar where he consumed a beer and a shot or two. Appellant

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3310, respectively.

displayed bloodshot and glassy eyes and his speech was slurred. Officer Patton asked Appellant to get out of the car and requested that he perform field sobriety tests. Officer Patton concluded that Appellant was incapable of safely operating the vehicle, so he arrested him for DUI. The Commonwealth charged Appellant with the aforementioned crimes.

On November 22, 2016, Appellant filed an omnibus pre-trial motion alleging, inter alia, that police lacked probable cause to believe Appellant committed a motor vehicle code violation. Accordingly, Appellant argued that police instituted an illegal traffic stop and, therefore, the subsequent evidence police recovered required suppression. The trial court held a suppression hearing on December 16, 2016 and denied relief. Immediately thereafter, Appellant proceeded to a stipulated non-jury trial wherein the trial court found Appellant guilty of DUI and following too closely. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

A. Did Officer Scott Patton of the Robinson Police Department have sufficient probable cause to stop [Appellant's] vehicle for the offense of [f]ollowing [t]oo [c]losely?

Appellant's Brief at 4.

_____

[2] Appellant filed a notice of appeal on February 8, 2017. On the same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b). Appellant complied timely, filing an original 1925(b) statement, as well as an amended one. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 2, 2017.

Appellant claims that the Commonwealth failed to prove that police had probable cause to believe he committed a motor vehicle code violation, specifically following too closely pursuant to 75 Pa.C.S.A. § 3310(a), in order to conduct a valid traffic stop. Appellant's Brief at 12-22. Appellant relies principally on a decision from the Court of Common Pleas, Commonwealth v. Samuel, 1995 WL 520694 (Pa.Com.Pl. 1995), for the proposition that "the purpose of Section 3310 is to prevent accidents by requiring a driver to have his vehicle under such control that he or she can stop or maneuver safely if the vehicle in front stops or swerves unexpectedly." Id. at 12. He claims that the facts of this case established that Appellant "was in complete control of his vehicle." Id. at 14. Appellant further argues that the evidence presented "focused solely on the distance" observed between the two vehicles without regard to "traffic conditions at the time, the weather conditions, or the condition of" the road. Id. at 15. He also suggests that because he was not cited with speeding and "[s]ince Officer Patton provided such a generic description of speeding and did not articulate any specific facts to even approximate [] speed, his testimony cannot serve as a basis for a violation and cannot be considered in the probable cause analysis." Id. at 14. Further, Appellant asserts that Officer Patton's testimony was not credible, because he did not indicate in the police report that he believed Appellant "was going to strike the rear of the other vehicle." Id. at 19. In the alternative, Appellant claims that if Appellant "was in fact following too

closely, his actions were only momentary and [a] minor deviation that did not justify stopping his vehicle." Id. at 22.

Our standard of review is as follows:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

Commonwealth v. Shaffer, 177 A.3d 241, 243–244 (Pa. Super. 2017) (citation and brackets omitted).

"For a stop based on the observed violation of the Vehicle Code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." Commonwealth v. Harris, 176 A.3d 1009, 1019 (Pa. Super. 2017) (citation omitted).

Our Supreme Court has defined probable cause as follows:

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the stop, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

> The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

Commonwealth v. Martin, 627 Pa. 623, 101 A.3d 706, 721 (2014) (citation omitted) (emphasis in original). "Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." Harris, 176 A.3d at 1019 (citation omitted).

Section 3310(a) of the Motor Vehicle Code provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the conditions of the highway.

75 Pa.C.S.A. § 3310(a). We have previously determined that a police officer's observations, standing alone, are legally sufficient to stop a vehicle for a violation of Section 3310(a). See Commonwealth v. Bybel, 779 A.2d 523, 524 (Pa. Super. 2001), citing Commonwealth v. Phinn, 761 A.2d 176, 180 (Pa. Super. 2000).

Our decisions in Bybel and Phinn are instructive herein.[3] In Phinn, police observed Phinn "traveling less than a motorcycle-length distance

_____

[3] While those cases dealt with the sufficiency of the evidence under Section 3310(a), we find them persuasive because they outline conduct that supports a conviction for following too closely. Since the facts of those cases were sufficient to convict, those same facts, when observed by a police officer, would be sufficient to institute a traffic stop under the probable cause standard enunciated above. Moreover, in Phinn, our Court specifically

(Footnote Continued Next Page)

behind a tractor-trailer on Interstate 80 where the vehicles' respective rates of speed were at or near the speed limit for that highway." Phinn, 761 A.2d at 180. We reasoned that, "the evidence clearly bespeaks a hazard within the contemplation of Section 3310(a)." Id. In Bybel, this Court was called upon to determine "[w]hether evidence of the proximity of [Bybel's] vehicle to the tractor trailer, alone, was sufficient to support a conviction under Section 3310(a)." Bybel, 779 A.2d at 524. In that case, a state trooper observed a vehicle traveling around sixty-five miles per hour, the posted speed limit, and approximately two to three feet behind a truck and testified that the vehicle could not have avoided a collision if the truck had stopped suddenly. Id. at 524–525. We concluded that Bybel "defied reason and prudence when she followed so very closely at such a high rate of speed." Id. at 525.

In this case, the suppression court determined that "[t]he uncontradicted testimony of Officer Patton established that [Appellant's] vehicle approached the vehicle directly in front of it and was so close in proximity that the officer thought there was going to be an accident." Trial Court Opinion, 6/2/2017, at 5. Upon review of the record and applicable law, we agree that this testimony was sufficient to establish probable cause

(Footnote Continued) ————————————

disavowed reliance on Samuel, cited by Appellant herein, because the Court of Common Pleas is not binding precedent upon this Court. See Phinn, 761 A.2d at 180 ("Samuel holds no precedential value beyond law of the case as to the parties directly involved.").

- 6 -

to stop Appellant for following too closely. Officer Patton testified that he first observed Appellant driving "at a high rate of speed" and that Appellant "got on the tail of another vehicle in front of [him.]" N.T., 12/16/2016, at 7. Officer Patton further testified, "I almost thought that [Appellant's] vehicle was going to hit the back of the other vehicle. That's how close it came." Id. He thought Appellant's driving was "dangerous" and there could have been an accident. Id. at 7-8.

Based on the record established at Appellant's suppression hearing, we conclude there was probable cause to believe that Appellant was following another vehicle more closely than was reasonable and prudent. Moreover, although Appellant did not receive a speeding violation, there was evidence that Appellant quickly approached the vehicle in front him and got dangerously close to it while following behind. The plain language of the Motor Vehicle Code requires a driver to have due regard for the speed of the vehicles and the traffic of the highway. Thus, we reject Appellant's suggestion that the trial court erred in considering testimony about Appellant's speed in addressing the probable cause analysis. For all of the foregoing reasons, we believe there was probable cause for police to conduct a traffic stop and to issue a citation for a violation of Section 3310(a) of the Motor Vehicle Code. Hence, suppression was unwarranted.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2018