J-S16022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD LEE WAY | : | |
| | : | |
| Appellant | : | No. 1449 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 16, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003558-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                        Filed: July 30, 2020

Donald Lee Way appeals from the judgment of sentence entered following his convictions for possession with intent to deliver a controlled substance ("PWID"), possession of drug paraphernalia, and institutional vandalism.[1] He challenges the trial court's denial of his motion to suppress. We affirm.

Way's convictions stem from what began as a traffic stop. During this traffic stop, officers searched Way's vehicle and they arrested and charged him with the above referenced offences. Way filed a motion to suppress arguing that the search of the vehicle was illegal because the officers did not have probable cause. *See* N.T., Motion to Suppress, 10/19/18, at 3.

---

[1] 35 Pa.C.S. §§ 780-113(a)(30), (32) and 18 Pa.C.S.A. § 3307(a)(3), respectively.

The trial court summarized its findings of facts from the motion to suppress hearing as follows:

> On April 9, 2018, at approximately 8:30 PM, in the area of Bailey Road and Orchard Avenue in Yeadon, Delaware County, Officer Leah Cesanek initiated a stop on a Honda Coupe with expired registration. (N.T. 10/19/18, p. 6). The vehicle turned onto Orchard Road and pulled over to the side of the road. (N.T. 10/19/18, p. 7). When the vehicle stopped, [Way] stepped out and despite being ordered back into the car, refused to do so. (N.T. 10/19/18, p. 9) [Way] did not park the car legally. (N.T. 10/19/18, p. 12). [Way] was the sole occupant in the car. (N.T. 10/19/18, p. 9). Once again, after the Officer told [Way] to get back into the car, he refused and proceeded to run up Orchard Avenue. (N.T. 10/19/18, p. 9). [Way] did not close the driver's side door. (N.T. 10/19/18, p. 19). Officer Cesanek pursued [Way], who was caught by another officer. (N.T. 10/19/18, p. 9). Sergeant Reynolds stayed with the vehicle during the pursuit. (N.T. 10/19/18, p. 9). [Way] was searched and then placed in the back of Officer McGrenera's patrol car. (N.T. 10/19/18, p. 9). Upon inspection of [Way's] car, Officer Cesanek observed through the open driver's side door a clear plastic baggie with "green vegetable -like matter" that the officer believed to be marijuana. (N.T. 10/19/18, p. 13). Officer Cesanek also smelled a strong odor of fresh marijuana coming from the vehicle. (N.T. 10/19/18, p. 13).
>
> A search of [Way's] vehicle led to the discovery of two additional green plastic vials containing suspected marijuana and one plastic baggie containing a second baggie within that bag containing suspected marijuana. (N.T. 10/19/18, p. 14). In the rear of the car was a Mason jar containing 16 clear plastic baggies containing marijuana, and an unopened box of plastic baggies that were identical to the other plastic baggies in the car. (N.T. 10/19/18, p. 15). [Way's] vehicle was subsequently towed. (N.T. 10/19/18, p. 16).

Trial Ct. Op., filed 10/24/19, at 2. The court did not rule on the motion at the hearing but eventually entered an order denying the motion. *See* Order, filed 10/22/18.

Way proceeded with a stipulated bench trial. *See* N.T., Trial 4/15/19 at 11. The next day, the court found Way guilty of the above-referenced offenses and imposed concurrent sentences on each conviction: 11-1/2 to 23 months' incarceration for PWID; 12 months' probation for possession of drug paraphernalia; and nine months' probation for institutionalized vandalism. *See* N.T., 4/16/19, at 3, 6. This timely appeal followed.

Way presents one issue before this Court:

> Whether the suppression court erred when it failed to find that the police conducted an unconstitutional, warrantless search of Appellant's parked vehicle in light of the physical evidence presented at the suppression hearing that the vehicle door could not have remained open following Appellant's exit, thus not subject to a permissible warrantless search?

Way's Br. at 4.

Our standard of review of the denial of a motion to suppress is well settled:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are

supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526–27 (Pa.Super. 2015) (quoting *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010)).

Way claims that "the police were precluded from searching [Way's] parked vehicle without a warrant under [*Arizona v.*] *Gant*, [556 U.S. 332 (2009),] since he was secured by police away from the vehicle[.]" Way's Br. at 11. He also alleges that the warrantless search is not valid because the officer's would not have observed anything "if the driver's side vehicle door was actually closed." *Id.* at 12.

"Generally, a warrant stating probable cause is required before a police officer may search for or seize evidence." *Commonwealth v. Bumbarger*, --- A.3d ---, 2020 WL 1242438 at *7 (Pa.Super. 2020). However, the plain view doctrine provides that "when an officer is lawfully in a position to view an item, the incriminating nature of which is immediately apparent, he may legitimately seize that item." *Commonwealth v. Zhahir*, 751 A.2d 1153, 1160 (Pa. 2000). This doctrine applies if:

> 1) police did not violate the Fourth Amendment during the course of their arrival at the location where they viewed the item in question; 2) the item was not obscured and could be seen plainly from that location; 3) the incriminating nature

of the item was readily apparent; and 4) police had the lawful right to access the item.

***Commonwealth v. Anderson***, 40 A.3d 1245, 1248 (Pa. Super. 2012) (citation omitted).

Here, Officer Cesanek testified that he initially conducted a traffic stop of Way's vehicle because his vehicle's registration was expired. An officer has authority to stop a vehicle when the officer observes the driver commit a traffic violation, and Way does not dispute that Officer Cesanek had the authority to conduct a traffic stop of Way's vehicle for his expired registration. ***See Commonwealth v. Calabrese***, 184 A.3d 164, 167 (Pa.Super. 2018) ("Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense.") (citation omitted).

Way's argument is that Officer Cesanek could not have seen the drugs in the vehicle because his driver side door was closed. However, the trial court made a finding of fact that Way's door was open, based on Officer Cesanek's testimony. Additionally, the trial court credited Officer Cesanek's testimony that he smelled a strong odor of marijuana as he approached the vehicle, which invoked the plain smell doctrine, also giving him probable cause to search the vehicle. ***See Commonwealth v. Stoner***, 344 A.2d 633, 636 (Pa.Super. 1975) (plain smell of marijuana gives officer probable cause to search vehicle); ***see also Commonwealth v. Batista***, 219 A.3d 1199, 1206 (Pa.Super. 2019) (stating deference given to suppression court's factual

findings). As such, the trial court did not abuse its discretion in denying Way's motion to suppress.

His citation to **Gant** is inapposite. The Court in **Gant** held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." **Gant**, 533 U.S. at 351. The search here was not a search incident to arrest. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/20